# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

## ROME DIVISION

| | | |
|---|---|---|
| **HASMUKH PATEL, M.D.,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **vs.** | : | **CIVIL ACTION FILE** |
| | : | **NUMBER:_____** |
| **HAMILTON MEDICAL CENTER, INC.,** | : | |
| | : | |
| | : | |
| **Defendant** | : | |

## COMPLAINT FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, PERMANENT INJUNCTION, AND DAMAGES

COMES NOW Hasmukh Patel, M.D., by and through undersigned counsel, and files this his Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and Damages, showing this Honorable Court as follows:

## I. JURISDICTION AND VENUE

-1-

Hamilton Medical Center, Inc. ("HMC") is a corporate citizen of Whitfield County, Georgia, and may be served with process by serving its registered agent for service Valerie Brantley at 1200 Memorial Drive, Dalton, Georgia, 30720.

-2-

This Court has jurisdiction over Count One of this action pursuant to 42

U.S.C. § 1331 because the subject matter of Count One arises under federal law.

-3-

This Court has discretionary supplemental jurisdiction over Counts Two,

Three, Four, and Five of this action pursuant to 28 U.S.C. § 1367.

-4-

Venue is proper in this Court.

## II. FACTUAL SUMMARY

-5-

Plaintiff Hasmukh Patel, M.D. ("Dr. Patel") is a medical doctor who has

practiced gastroenterology in Dalton, Georgia since 1982.

-6-

At all times relevant hereto, Dr. Patel has practiced gastroenterology at his

medical practice, Dalton Gastroenterology.  Dr. Patel is the sole gastroenterologist

employed by Dalton Gastroenterology.

-7-

At all times relevant hereto, Dr. Patel had credentialing privileges with HMC, the only hospital located in Dalton.  These privileges are granted upon biannual application.

-8-

Dr. Patel's application and grant of privileges, along with HMC's Medical Staff Credentials Policy in effect at all times relevant hereto (the "Policy"), constitute an agreement, or contract, between each physician and HMC for their mutual economic benefit and for the benefit of third-party patients.  These privileges may not be withdrawn, restricted, or revoked without cause and without due process.

-9-

At all times relevant hereto, HMC has utilized and has acted through a Medical Executive Committee ("MEC") and a Professional Practices Evaluation Committee ("PPEC") to conduct professional review activity with respect to individual physicians (a) to determine whether the physicians may have clinical privileges with respect to, or membership in, HMC, and (b) to determine the scope or conditions of such privileges or membership.

-10-

On November 26, 2014, an incident occurred at HMC which provided an occasion for HMC's PPEC and MEC to conduct professional review activity with respect to Dr. Patel (the "Incident").

-11-

The Incident itself concerned the confidential treatment of a specific patient, and HMC's subsequent professional review activity falls under the confidentiality provisions of O.C.G.A § 31-7-133.

-12-

To protect the privacy of the patient in question and to preserve the confidentiality of the professional review activity to the greatest extent possible, Dr. Patel shall file provisionally under seal his Supplemental Statement of Allegations to Complaint for Temporary Restraining Order, Preliminary Injunction, Permanent Injunction, and Damages ("Supplemental Statement"), hereby incorporating his Supplemental Statement into this Complaint by reference.

-13-

At all times relevant hereto, HMC's PPEC and MEC acted in regard to the Incident as a "professional review body" as that term is defined under the Healthcare Quality Improvement Act of 1986 ("HCQIA"), at 42 U.S.C. §

11151(11), since the PPEC and MEC are each a "committee of a health care entity which conducts professional review activity," to wit, "an activity of a health care entity with respect to an individual physician (A) to determine whether the physician may have clinical privileges with respect to, or membership in, the entity, [or] (B) to determine the scope or conditions of such privileges or membership." 42 U.S.C. § 11151(11).

-14-

The PPEC and MEC each took a "Professional Review Action" toward Dr. Patel, as that term is defined in 42 U.S.C. § 11151(9), when each made a "recommendation . . . which is taken or made in the conduct of professional review activity, which is based on the competence or professional conduct of an individual physician (which conduct affects or could affect adversely the health or welfare of a patient or patients), *and which affects (or may affect) adversely the clinical privileges, or membership in a professional society, of the physician*." (Emphasis supplied.)

-15-

HCQIA provides immunity from monetary damages for entities such as HMC, provided that such entities comply with 42 U.S.C. § 11112(a) by ensuring that any Professional Review Action is taken, *inter alia*, "(1) in the reasonable

5

belief that the action was in furtherance of quality healthcare, (2) after a reasonable effort to obtain the facts of the matter, (3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances,  and (4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3)."

-16-

In taking Professional Review Actions in reference to the Incident, HMC's PPEC and MEC's actions were *not* taken in the reasonable belief that the Actions were in furtherance of quality healthcare.

-17-

HMC's PPEC and MEC's Professional Review Actions were taken *without* a reasonable effort to obtain the facts of the matter concerning Dr. Patel.

-18-

HMC's PPEC and MEC Professional Review Actions were *not* taken "after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances."

-19-

HMC's PPEC and MEC Professional Review Actions were *not* conducted "in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after meeting the requirement of paragraph (3)."

-20-

Dr. Patel has suffered monetary damages due to the deficient and inadequate Professional Review Actions of HMC's PPEC and MEC.

-21-

The Professional Review Actions of HMC's PPEC and MEC, considered in isolation as well as in conjunction all Professional Review Actions identified herein and in the Supplemental Statement, are insufficient to provide HMC with immunity from monetary damages under HCQIA.

-22-

HMC contends that the Professional Review Actions of the PPEC and MEC were sufficient to provide HMC with immunity from monetary damages under HCQIA.

-23-

Thus, there is an actual justiciable controversy between Dr. Patel and HMC under 28 U.S.C. § 2201.  This controversy arises under federal law and is properly addressed under federal law, providing this Court with jurisdiction of this matter.

-24-

HMC disregarded and violated its own Policy in taking Professional Review Actions by and through its PPEC and MEC.

-25-

In prosecuting Professional Review Actions against Dr. Patel even after evidence arose which exonerated Dr. Patel and demonstrated that HMC's investigation of the Incident had been faulty, and by offering a witness to testify falsely against Dr. Patel during the course of Professional Review Activity, HMC's PPEC and MEC acted with malice toward Dr. Patel.

-26-

Following the Professional Review Actions by HMC's PPEC and HEC, the Incident was further adjudicated by a Hearing Panel and Review Panel constituted of HMC employees and agents.

-27-

The Hearing Panel and Review Panel utilized procedures and took actions which denied Dr. Patel a full and fair opportunity to present evidence, to cross-examine witnesses, and to meet the charges brought against him.

-28-

The unreasonable and unfair proceedings of the Hearing Panel and the Review Panel can only be interpreted as evidencing HMC's continued malice toward Dr. Patel, in an attempt to further cover up HMC's initial faulty investigation and make Dr. Patel the scapegoat.

-29-

On January 9, 2017, the Review Panel issued its Report mandating a limited suspension of Dr. Patel's clinical privileges at HMC.

-30-

HMC, by and through its counsel, has agreed to temporarily defer the suspension of Dr. Patel's clinical  privileges, but has indicated as recently as June 8, 2018 that HMC's enforcement of Dr. Patel's suspension should be considered imminent.

-31-

Dr. Patel performs procedures and sees patients at HMC, on average, fifteen to twenty (15-20) times per week.  HMC is the only hospital at which Dr. Patel holds privileges.

-32-

The Review Panel's ruling, if implemented, would prevent approximately sixty to eighty (60-80) patients from receiving care from the physician of their choice, at the time of their choosing, and at the location of their choosing.  This figure includes neither follow-up office visits after hospital care nor appointments with new patients who would be unable to receive hospital care from Dr. Patel during a suspension.  Additionally, during the period of suspension, Dr. Patel would not be able to order needed hospital-based studies, such as radiology, cardiology, laboratory, and nuclear medicine, and other discrete hospital-based services, the reports of which would be necessary for Dr. Patel to further evaluate and care for his patients.

-33-

Thus, the Review Panel's ruling, if not enjoined at least temporarily, would cause irreparable harm to patients and possibly endanger the health and safety of

patients by exposing them to medical treatment by physicians who are not familiar with their history and with their specific needs.

-34-

In the event the Review Panel's ruling is implemented by HMC before HMC is enjoined by this Court from implementing the ruling, Dr. Patel's patients requiring gastroenterology services at HMC will be deprived of obtaining services from the physician of their choosing.

-35-

In the event the Review Panel's ruling is implemented by HMC before HMC is enjoined by this Court from implementing the ruling, Dr. Patel will be deprived of a financial benefit arising from engaging in professional services.

-36-

In the event the Review Panel's ruling is implemented by HMC before HMC is enjoined by this Court from implementing the ruling, Dr. Patel's suspension from providing clinical services will additionally damage his medical practice in regard to reputation, as he will be required to provide an explanation to his patients as to why he, as the physician of their choosing, is unable to provide services to them at times convenient to them.  The additional damage to his reputation and therefore his practice in the small community of Dalton, Georgia would be in an

amount difficult to prove and establish, for which an adequate remedy of law does not exist.

### III. COUNTS AND CAUSES OF ACTION

### A. COUNT ONE: DECLARATORY JUDGMENT (28 U.S.C. § 2201)

-37-

Dr. Patel incorporates the paragraphs hereinabove as if the same were restated verbatim herein.

-38-

If Dr. Patel proceeded with the claims for money damages asserted herein, without first seeking a declaration of whether his right to assert said claims is preempted by HCQIA, he could be forced to defend a claim for liability for expenses of litigation under 42 U.S.C. § 11113.

-39-

Dr. Patel's claims for money damages are entirely dependent, as a threshold matter, upon a determination as to whether HCQIA precludes a claim for money damages under peer review proceedings which, *inter alia*, place a "clear and convincing" burden of proof upon the medical professional to disprove the allegations pending against him or her, prior to providing the medical professional with notice and an opportunity to be heard concerning the pending allegations.

12

-40-

Dr. Patel and HMC have an actual controversy arising under 28 U.S.C. § 2201, to wit, whether he has the right to bring a suit for money damages under the facts of this case and under an application of HCQIA.

-41-

The controversy between Dr. Patel and HMC "requires interpretation of a substantial federal issue" and a "substantial question of federal law" (Iberiabank v. Beneva 41-I, LLC, 701 F.3d 916, 919 (11th Cir. 2012)), to wit, the application of HCQIA to the facts of this case.

-42-

Under the facts of this case, Dr. Patel is entitled under law to a declaration that his claims for money damages are not precluded by HCQIA.

## B. COUNT TWO: TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION REQUIRING HMC TO FOLLOW ITS OWN INTERNAL POLICIES

-43-

Dr. Patel incorporates the paragraphs hereinabove as if the same were restated verbatim herein.

-44-

HMC violated its own internal Policy in proceeding under the provision of the Policy which required prerequisite action by an investigating committee which had provided notice and opportunity to be heard to Dr. Patel, when in fact no notice and opportunity to be heard had been provided to Dr. Patel.

-45-

HMC "is bound by the bylaws it does create and . . . if [HMC] does not follow those procedures, the Court can enjoin the hospital to follow those procedures."  Robles v. Humana Hosp. Cartersville, 785 F. Supp. 989, 1002 (N.D. Ga. 1992).

-46-

Dr. Patel therefore prays that a temporary restraining order, preliminary injunction, and permanent injunction issue, maintaining the status quo and prohibiting HMC from implementing the limited suspension of Dr. Patel's clinical privileges.

## C. COUNT THREE: TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND PERMANENT INJUNCTION ARISING OUT OF HMC'S BREACH OF CONTRACT

-47-

Dr. Patel incorporates the paragraphs hereinabove as if the same were restated verbatim herein.

-48-

Dr. Patel shows that due to HMC's breach of its contract with Dr. Patel (discussed further below), and HMC's inherently unfair and unreasonable conduction of the peer review activity leading to the Review Panel decision, Dr. Patel is faced with the threat of irreparable harm.

-49-

Dr. Patel therefore prays that a temporary restraining order, preliminary injunction, and permanent injunction issue, maintaining the status quo and prohibiting HMC from implementing the pending suspension of Dr. Patel's clinical privileges.

## D. COUNT FOUR: BREACH OF CONTRACT

-50-

Dr. Patel incorporates the paragraphs hereinabove as if the same were restated verbatim herein.

-51-

HMC breached its contract with Dr. Patel by prosecuting a suspension of his privileges, which had been granted upon his application conditioned only upon his following and adhering to the Policy.

-52-

Dr. Patel violated no provision of the Policy which would have authorized, justified, or permitted the prosecution of a suspension of his privileges.

-53-

HMC's breach of contract has caused damages to Dr. Patel in an amount to be proven at trial, and alternatively, in an amount not susceptible to exact proof, but sufficient to sustain an award of nominal damages.

### E. COUNT FIVE: ATTORNEY'S FEES AND EXPENSES OF LITIGATION

-54-

Dr. Patel incorporates the paragraphs hereinabove as if the same were restated verbatim herein.

-55-

HMC has acted in bad faith, has been stubbornly litigious, and has caused Dr. Patel unnecessary trouble and expense, resulting in damages to Dr. Patel in an amount to be proven at trial.

-56-

Dr. Patel is entitled to recover attorney's fees and expenses of litigation incurred in defending himself from allegations that he faced which were brought in violation of HMC's own internal Policy.

## **CONCLUSION**

WHEREFORE, Dr. Patel prays that this Court inquire into the facts, law, and premises set forth herein, as well as the Supplemental Statement, and:

(a) Issue a Temporary Restraining Order, so as to prevent irreparable harm until the matter can be fully hearing and determined;

(b) Accept jurisdiction of this case and enter declaratory judgment interpreting federal law determining that HMC is not entitled to immunities provided by HCQIA as a result of its violation of HCQIA standards, as set forth hereinabove and in the Supplemental Statement;

(c) After hearing evidence, enter a preliminary injunction and a permanent injunction prohibiting HMC from enforcing any suspension of Dr. Patel's clinical privileges arising out of the incidents alleged in this Complaint and in the Supplemental Statement;

(d) Exercise its discretion and accept pendent jurisdiction of damage claims arising out of contract, or remand damage claims to state court for trial.

Respectfully submitted this 2nd day of July, 2018.

COPPEDGE & ASSOCIATES, P.C.

By: /s/ Warren N. Coppedge, Jr.
    WARREN N. COPPEDGE, JR.
508 South Thornton Avenue    GEORGIA BAR NUMBER: 187300
Dalton, Georgia   30720    STEPHEN MICHMERHUIZEN
Telephone: (706) 226-0040    GEORGIA BAR NUMBER: 107109
Facsimile: (706) 226-0050    Attorneys for Hasmukh Patel, M.D.
Email: trisha@coppedgefirm.com
       steve@coppedgefirm.com